Filing # 161215284 E-Filed 11/15/2022 06:44:45 AM

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA
CIVIL DIVISION

EONNA NIXON,

    Plaintiff,

v.

                                          CASE NO.:

LINCARE, INC.,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, EONNA NIXON, by and through undersigned counsel, brings this action against Defendant, LINCARE, INC., and in support of her claims states as follows:

### JURISDICTION AND VENUE

1. This is an action for damages in excess of $30,000, exclusive of interest, fees, and costs, and for declaratory relief, for violations of the Florida Civil Rights Act of 1992, as amended ("FCRA"), Fla. Stat. Section 760.01 *et seq.* and Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e *et seq.*

2. Venue is proper in Pinellas County, because all of the events giving rise to these claims occurred in this County.

### PARTIES

3. Plaintiff is a resident of Pinellas County, Florida.

4. Defendant operates a medical equipment company in Pinellas County, Florida.

### GENERAL ALLEGATIONS

5. Plaintiff has satisfied all conditions precedent, or they have been waived.

6. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

7. Plaintiff requests a jury trial for all issues so triable.

8. At all times material hereto, Plaintiff was an employee of Defendant as defined by the FCRA and Title VII.

9. At all times material hereto, Defendant employed fifteen (15) or more employees. Thus, Defendant is an "employer" within the meaning of the FCRA, Fla. Stat. Section 760.02(7), and Title VII, 42 U.S.C. § 2000e(b).

## FACTS

10. Plaintiff began working for Defendant on or about September 9, 2021, as a Patient Account Coordinator, and she worked in this capacity until September 24, 2021.

11. Plaintiff is African American.

12. Thus, Plaintiff is a member of a protected class, and as such benefits from the protections of the FCRA and Title VII because of her race.

13. Plaintiff performed the job for which she was hired in a satisfactory manner.

14. Plaintiff was one of only three African American employees out of the twenty-four employees working at her location.

15. Throughout Plaintiff's tenure with Defendant, she was subjected to disparate treatment based on her race.

16. By way of example and not limitation, on or about September 16, 2021, Plaintiff received a reprimand for utilizing her cell phone in the break room while on her break. Though it was Christine Collins, Plaintiff's supervisor, that reprimanded Plaintiff, Collins told Plaintiff that she was receiving flack for hiring other African-American employees.

17. In fact, it was not Collins that saw Plaintiff in the break room, on her break, using her cell phone, but rather it was Angela Cappiello that witnessed the alleged infraction and told Collins. Cappiello is Caucasian.

18. On or about September 20, 2021, Plaintiff protested the reprimand and complained that she had never received any Employee Handbook, rules, or policies. So, Plaintiff sought out Defendant's policies from Collins, who could not find them. Plaintiff then found them herself but could not find any such rule about cell phone usage while in the break room. The building manager, Cappiello, saw Plaintiff in the break room, on her break, using her cell phone, and said nothing to her.

19. Previously, on or about September 14, 2021, Plaintiff was reprimanded for allegedly sitting on the ledge to the side of the steps to the building. However, no such rule against this existed in the building's rules either. And on September 20, 2021, Plaintiff noticed Cappiello sitting on the same ledge. Plaintiff asked another Team Lead, David Rodriguez, if there was a rule about sitting on the ledge. Rodriguez informed Plaintiff that he did not think so and that Cappiello did it all the time.

20. Thus, Plaintiff was subjected to disparate treatment based on her race.

21. On or about September 20, 2021, Plaintiff reached out to Defendant's Human Resources department about how she was being treated as a new employee. Human Resources responded on September 21, 2021, that they were trying to set up a time to meet. Plaintiff was not able to speak to Human Resources before her termination.

22. Defendant took no remedial action.

23. Instead, on or about September 24, 2021, Defendant terminated Plaintiff's employment in retaliation for her complaints of discrimination based on her race.

3

## COUNT I – FCRA VIOLATION
## (DISCRIMINATION)

24. Plaintiff realleges and readopts the allegations of paragraphs 1 through 23 of this Complaint, as though fully set forth herein.

25. Plaintiff is a member of a protected class under the FCRA.

26. Plaintiff was subjected to disparate treatment on account of her race, including being reprimanded and subsequently terminated for pretextual reasons and for allegedly doing things that non-African American employees also did without reprimand.

27. Defendant's actions were willful and done with malice.

28. Plaintiff was injured due to Defendant's violations of the FCRA, for which she is entitled to relief.

*WHEREFORE*, Plaintiff demands:

    a) A jury trial on all issues so triable;

    b) That process issue and this Court take jurisdiction over the case;

    c) Compensation for lost wages, benefits, and other remuneration;

    d) Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

    e) Any other compensatory damages, including emotional distress, allowable at law;

    f) Punitive damages;

    g) Prejudgment interest on all monetary recovery obtained.

    h) All costs and attorney's fees incurred in prosecuting these claims; and

    i) For such further relief as this Court deems just and equitable.

## COUNT II – FCRA RETALIATION

29. Plaintiff realleges and readopts the allegations of paragraphs 1 through 23 of this Complaint, as though fully set forth herein.

30. Plaintiff is a member of a protected class under the FCRA.

31. Plaintiff engaged in protected activity under the FCRA by objecting to the racial discrimination that she faced.

32. Defendant retaliated against Plaintiff for engaging in protected activity under the FCRA by terminating Plaintiff's employment.

33. Defendant's actions were willful and done with malice.

34. By terminating Plaintiff's employment, Defendant took material adverse action against Plaintiff.

35. Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) That this Court enter a declaratory judgment, stating that Defendant interfered with Plaintiff's rights under the FCRA;

d) Compensation for lost wages, benefits, and other remuneration;

e) Reinstatement of Plaintiff to a position comparable to her prior position, with back pay plus interest, pension rights, and all benefits;

f) Front pay;

g) Any other compensatory damages, including emotional distress, allowable at law;

5

    h)    Punitive damages;

    i)    Prejudgment interest on all monetary recovery obtained.

    j)    All costs and attorney's fees incurred in prosecuting these claims; and

    k)    For such further relief as this Court deems just and equitable.

## COUNT III – TITLE VII VIOLATION
## (DISCRIMINATION)

36. Plaintiff realleges and readopts the allegations of paragraphs 1 through 23 of this Complaint, as though fully set forth herein.

37. Plaintiff is a member of a protected class under Title VII.

38. Plaintiff was subjected to disparate treatment on the basis of her race, including being reprimanded and subsequently terminated for pretextual reasons and for allegedly doing things that non-African American employees also did without reprimand.

39. Defendant knew or should have known of the disparate treatment suffered by Plaintiff, and failed to intervene or to take prompt and effective remedial action in response.

40. Defendant's actions were willful and done with malice.

41. Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

***WHEREFORE***, Plaintiff demands:

    a)    A jury trial on all issues so triable;

    b)    That process issue and that this Court take jurisdiction over the case;

    c)    An injunction restraining continued violation of Title VII by Defendant;

    d)    Compensation for lost wages, benefits, and other remuneration;

    e)    Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

  f)  Any other compensatory damages, including emotional distress, allowable at law;

  g)  Punitive damages;

  h)  Prejudgment interest on all monetary recovery obtained.

  i)  All costs and attorney's fees incurred in prosecuting these claims; and

  j)  For such further relief as this Court deems just and equitable.

## COUNT IV – TITLE VII RETALIATION

42. Plaintiff realleges and readopts the allegations of paragraphs 1 through 23 of this Complaint, as though fully set forth herein.

43. Plaintiff is a member of a protected class under Title VII.

44. Plaintiff exercised or attempted to exercise her rights under Title VII by objecting to the racial discrimination that she faced, thereby engaging in protected activity under Title VII.

45. Defendant retaliated against Plaintiff for engaging in protected activity under Title VII by terminating her employment.

46. Defendant's actions were willful and done with malice.

47. In terminating her employment, Defendant took material adverse action against Plaintiff.

48. Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

***WHEREFORE***, Plaintiff demands:

  a)  A jury trial on all issues so triable;

  b)  That process issue and that this Court take jurisdiction over the case;

c) That this Court enter a declaratory judgment, stating that Defendant retaliated against Plaintiff for exercising her rights under Title VII;

d) That this Court enter an injunction restraining continued violation of Title VII by Defendant;

e) Compensation for lost wages, benefits, and other remuneration;

f) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, with back pay plus interest, pension rights, seniority rights, and all fringe benefits;

g) Front pay;

h) Any other compensatory damages, including emotional distress, allowable at law;

i) Punitive damages;

j) Prejudgment interest on all monetary recovery obtained.

k) All costs and attorney's fees incurred in prosecuting these claims; and

l) For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 15th day of November, 2022.

                Respectfully submitted,

                */s/ Amanda E. Heystek*
                **AMANDA E. HEYSTEK**
                Florida Bar Number: 0285020
                Direct Dial: 813-379-2560
                **DANIEL E. KALTER**
                Florida Bar No.: 1025094
                Direct Dial: 813-438-8821
                **WENZEL FENTON CABASSA, P.A.**
                1110 N. Florida Avenue, Suite 300
                Tampa, Florida 33602
                Main Number: 813-224-0431
                Facsimile: 813-229-8712
                Email: aheystek@wfclaw.com
                Email: dkalter@wfclaw.com
                Email: rcooke@wfclaw.com
                **Attorneys for Plaintiff**

Filing # 161215284 E-Filed 11/15/2022 06:44:45 AM

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA
CIVIL DIVISION

EONNA NIXON,

    Plaintiff,

v.

LINCARE, INC.,

    Defendant.

    CASE NO.:

    DIVISION:

_____/

**NOTICE OF DESIGNATION OF E-MAIL
ADDRESSES FOR SERVICE OF COURT DOCUMENTS**

Plaintiff, EONNA NIXON, by and through undersigned counsel, files this Notice of Designation of E-Mail Addresses for Service of Court Documents under Florida Rule of Judicial Administration 2.516(b)(1)(A), and hereby designates the following e-mail addresses to be used for service of all court filings in this action: aheystek@wfclaw.com; dkalter@wfclaw.com; and rcooke@wfclaw.com.

Dated this 15th day of November, 2022.

    Respectfully submitted,

    *s/ Amanda E. Heystek*
    **Amanda E. Heystek**
    Florida Bar No. 0285020
    **Daniel E. Kalter**
    Florida Bar No.: 1025094
    Wenzel Fenton Cabassa P.A.
    1110 N. Florida Avenue, Suite 300
    Tampa, Florida 33602
    Direct No.: 813-379-2560
    Facsimile No.: 813-229-8712
    Email: aheystek@wfclaw.com
    Email: rcooke@wfclaw.com
    **Attorneys for Plaintiff**